## 9713

### STATE v. AIKEN.

#### (92 S. E. 1043.)

INTOXICATING LIQUORS—TRANSPORTATION—STATUTE.—In view of Cr. Code 1912, sec. 825, providing that all liquors except those purchased from a county dispensary for a lawful use and those passing through the State consigned to points beyond the State shall be deemed contraband and may be seized in transit without warrant, where a defendant purchased liquor for lawful use from a county dispensary which had the legal right to sell it to him and transported it with his personal baggage to another county not having a dispensary, he was not guilty of the offense of transporting contraband liquor.

Before GARY, J., Greenville, March, 1916. Reversed.

J. L. Aiken was convicted of transporting contraband liquor, and he appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: 87 S. C. 444; 89 S. C. 132.

*Mr. Solicitor Martin,* for respondent.

June 29, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was tried before a jury and his Honor, Frank B. Gary, at the March term of Court, 1916, for Greenville county, on a charge of transporting contraband liquor. He was convicted and sentenced by the Court. After sentence defendant appealed, and his exceptions challenge the correctness of his Honor's ruling. His exceptions are:

Exception 1. Because the presiding Judge erred in holding and charging the jury as follows: "The law says you cannot transport from one place to another in this State whiskey, except in a county having a dispensary."

Specifications of error: (a) This is an indictment for transporting contraband whiskey. The whiskey was lawfully obtained, and its transportation followed as a natural and lawful consequence. (b) The whiskey was bought from a dispensary where a profit was made. The authorities in another county could not lawfully arrest the defendant, throw him in jail, and subsequently lawfully convict him for having in his possession what the law gave him a right to purchase and transport. (c) By the charge of the presiding Judge, all whiskey is put in the same class, and no distinction is made as to contraband, for personal use or lawfully obtained.

Exception 2. Because the presiding Judge erred in holding and charging the jury as follows: "But it is the unlawful transporting of whiskey in this State from place to place, except if the whiskey is bought from a dispensary for a lawful purpose it may be transported in a county having a dispensary"—the error being that by so charging the presiding Judge limited the right to transport whiskey lawfully purchased from a dispensary from place to place only in counties having dispensaries.

These exceptions raise the question whether in 1915 it was a misdemeanor for a person to purchase intoxicating liquor from the county dispensary of Richland county for his personal use and transport it with his personal baggage on the

train from Columbia to Greenville, where at that time there was no county dispensary. His Honor was clearly in error in charging the jury as he did. The proof clearly shows that the defendant purchased the liquor from the county dispensary at Richland, that the purchase was legal, and not intended for unlawful use, but intended for lawful or. personal use, that defendant transported it with his personal baggage on the train from Columbia to Greenville.

Under section 825 of the Criminal Code it provides that:

"All liquors in this State, except those purchased from a county dispensary for a lawful use, and those passing through the State, consigned to points. beyond this State, shall be deemed contraband, and may be seized in transit without warrant."

This clearly shows before the offense of transportation under this section is complete and liquor can be seized as contraband it must be shown that the liquor is intended for unlawful use. The defendant purchased from a county dispensary who had the legal right to sell it to him; there is nothing to show that he intended to use it unlawfully, and, having purchased it lawfully and legally and intending it for personal use and not unlawful use, he had the right to transport it with his personal baggage and retain possession of it.

The motion for a directed verdict made by the defendant should have been granted.

The exceptions are sustained, and judgment reversed.